UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODGER T. MCCASLIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 1:12-CV-20 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's application for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff seeks an award of $5,896.00, representing 29 hours of attorney services at up to $186.36 per hour, and 6 hours of paralegal services at $50.00 per hour. Defendant objects to the amount of fees requested.

Attorney's fees awarded under the EAJA should be reasonable. 28 U.S.C. § 2412 (d)(2)(A). The Court must independently evaluate the reasonableness of counsel's bill and exclude hours that were not reasonably expended. Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 427.

Defendant raises three objections to the billable hours plaintiff's counsel submitted for reimbursement. First, counsel listed one hour spent working on the case at the administrative level. Plaintiff has since conceded that work performed at the

administrative level is not compensable under the EAJA, so plaintiff's application will be reduced by one hour (billed at **$182.15**).

Second, plaintiff's counsel billed 2.5 hours responding to the Court's order to show cause why the case should not be dismissed for failure to prosecute, and 0.5 hours reviewing the Court's decision regarding that order. As defendant points out, this work was created by the failure of plaintiff's counsel to timely file his brief. Plaintiff responds that his counsel is not to blame, as he had not been admitted *pro hac vice* before the case management order was issued and had no notice of the briefing schedule. The docket clearly shows that the case management order was delivered to plaintiff's counsel at his office address. Furthermore, plaintiff's counsel billed 0.5 hours for reviewing the case management order on February 10, 2012, the date the order was issued.. The Court assumes from this billing entry that plaintiff's counsel did review the briefing deadlines set forth in the case management order, but failed to timely file his brief. He will not be reimbursed for work created by his mistake, and three hours of billing will be subtracted from his request (a reduction of **$556.62**).

Finally, plaintiff's counsel billed 0.5 hours for routine tasks that reasonably require only a fraction of that time. Every telephone call to chambers, his client, and the AUSA was billed at 0.5 hours. Plaintiff's counsel billed 0.5 hours for sending short emails to the AUSAs. He also billed 0.5 hours for reviewing the standard case management order and the entry of appearance by the AUSA. Perhaps most outrageous is counsel's request for 0.5 hours to review the Court's one-line docket text order granting his motion to appear *pro hac vice*. Defendant objects to the hours billed for these routine tasks, and plaintiff responds that his counsel billed a mere five hours for writing his brief. This is a *non sequitur*. Billing fewer hours for one task does not

justify overbilling for another. If anything, the fact that plaintiff's counsel is able to research, write, and file a legal brief within 5.5 hours belies the claim that it took one half hour to read a one-line docket text order.

The Court will reduce counsel's billing to the amount of time that each task reasonably requires. Telephone conferences will be reduced to 0.25 hours, resulting in the reduction of $436.25.[1] Reviewing single- or double-page orders will be reduced to 0.25 hours, resulting in a reduction of $137.68.[2] Emails and correspondence also will be allotted 0.25 hours, resulting in a reduction of $232.25.[3] Reviewing the docket text order granting admission *pro hac vice* and the assistant U.S. Attorney's entry of appearance will be reduced to 0.1 hours, further reducing the fee by $147.32.[4]

Reducing plaintiff's requested fee by the amounts noted above will result in a total award of $4,203.73.[5] The Court concludes that this award is reasonable considering the work performed by plaintiff's counsel in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for attorney's fees and expenses [Doc. #28] is **GRANTED** in part.

---

[1] Phone calls were billed on 9/28/11, 12/14/11, 12/29/11, 1/24/12, 3/16/12, 8/23/12, 8/24/12, 10/29/12, 11/8/12, 11/12/12, 12/11/12, 1/15/13, 1/22/13, 1/24/13, 2/13/13, and 4/2/13.

[2] Review of Court orders were billed on 1/6/12, 2/10/12, and 2/15/13.

[3] Counsel billed for sending emails and letters on 8/21/12, 1/14/13, 2/6/13, 2/13/13, and 2/14/13.

[4] These activities were billed on 3/2/12 and 3/28/12.

[5] Plaintiff's counsel requests additional fees for drafting a reply to defendant's objection to EAJA fees. Because the Court agrees with the defendant that plaintiff's fee request was unreasonable, the Court will not award additional fees for work performed on plaintiff's reply brief.

**IT IS FURTHER ORDERED** that plaintiff shall recover from the Social Security Administration $4,203.73, subject to offset to satisfy pre-existing debt plaintiff owes to the Untied States.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2013.